**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vicky S. Benson, | NO. CV-12-1693-PHX-FJM |
| Plaintiff, | **ORDER** |
| v. | |
| Daren W. Jantz; Vanderbilt Mortgage and Finance, Inc., et al. | |
| Defendants. | |

Pending before the Court is Plaintiff's Amended Ex Parte Application for Temporary Restraining Order (Doc. 6). For the reasons discussed below, Plaintiff's motion will be denied.

The instant action is Plaintiff Vicky S. Benson's third attempt to obtain federal relief from state-court eviction proceedings. On July 16, 2012, Plaintiff removed an eviction action brought against her in Hassayampa Justice Court to this Court. *See Jantz v. Seitz, et. al*, 2:12-cv-01532-SRB, Doc. 1, Ex. 1. On July 23, 2012, the Court remanded the action back to the justice court, holding that it had no subject matter jurisdiction over

1

the state law eviction action. *See id.*, Doc. 4. On July 25, 2012, Plaintiff again removed the eviction action to this Court and at the same time moved for a temporary restraining order. The Court again remanded the action back to the justice court for lack of subject matter jurisdiction and denied the TRO request as moot.

Plaintiff now tries a new tack. On August 9, 2012, she filed the Complaint in this action against various "owners of plaintiff's real property" and against Defendant Joseph Arpaio, the Sheriff of Maricopa County. (Doc. 1). In her Complaint, Plaintiff brings claims against the owners of her property for negligence, fraudulent misrepresentation, wrongful foreclosure, breach of contract, unjust enrichment, quiet title, slander of title, and RICO violations. (*Id.*). In addition, Plaintiff brings claims against Sheriff Arpaio for civil rights violations under 18 U.S.C. § 242 arising from his alleged continuation of eviction proceedings "while KNOWING of a valid removal [to federal court] to be in place and existing." (Doc. 1, ¶ 126).

Also on August 9, Plaintiff moved for an ex parte TRO. Plaintiff argued in the TRO that Defendants refuse to relinquish jurisdiction over her eviction proceedings to the federal court and that they must be forced to relinquish such jurisdiction or else she "will be wrongfully removed from her single family home." (Doc. 3 at 3). Because Plaintiff had not notified Defendants of her TRO request, and because she had failed to explain why notice should not be provided as required by Rule 65(b), the Court denied her motion for an ex parte TRO "without prejudice to her filing it again in compliance with the rule." (Doc. 5 at 2).

Now Plaintiff has filed an amended TRO application. Although the amended application itself is virtually unchanged from her initial application, she has attached a notarized "Declaration" in which she details various damages that Defendants have allegedly caused her. (Doc. 6 at 6–10). This declaration does not, however, explain why Defendants cannot be provided with notice of her TRO application. This alone renders her request for an ex parte TRO invalid. FED. R. CIV. P. 65(b)(1)(B) (stating that the court may issue a TRO without giving the defendants notice "only if" the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required").

Moreover, to prevail on her TRO application, Plaintiff must establish four elements, including that she "is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 22 (2008). Although these elements are evaluated using a sliding scale approach, where likelihood of success is concerned a plaintiff must at least raise "serious questions going to the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Plaintiff has failed to raise serious questions going to the merits. Plaintiff states in her TRO application that that she seeks the TRO because the state court and state authorities have engaged in "[w]illful, intentional refusal to relinquish jurisdiction" over her eviction proceedings to federal court. (Doc. 6 at 2). As discussed above, however, the eviction action was remanded back to state court and state authorities have no discretion to decline a remand order.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Ex Parte Application for Temporary Restraining Order (Doc. 6) is **DENIED.**

Dated this 14th day of August, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge